TOWNSEND AND TOWNSEND AND CREW LLP
GREGORY S. GILCHRIST (SBN 111536); *gsgilchrist@townsend.com*
VERONICA BESMER (SBN 246560); *vbesmer@townsend.com*
Two Embarcadero Center, 8th Floor
San Francisco, California  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300

Attorneys for Plaintiff
WILLIAMS-SONOMA, INC.

**JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION (SANTA ANA)

| | |
|---|---|
| WILLIAMS-SONOMA, INC., a California corporation,<br><br>             Plaintiff,<br><br>       v.<br><br>IMAGES, FURNISHING FOR THE HOME, INC., and BUNGALOW,<br><br>             Defendants. | Case No. SACV07-903 CJC (ANx)<br><br>**FINAL JUDGMENT UPON CONSENT AND PERMANENT INJUNCTION** |

Plaintiff Williams-Sonoma, Inc. ("WSI") has filed a Complaint alleging trademark infringement, dilution, copyright infringement, and unfair competition under federal and California law against defendant The Bungalow Too, Inc. ("Bungalow").  WSI alleges that Bungalow has sold furniture and home items that have been marketed in ways that infringe WSI's intellectual property rights.  The Court now enters final judgment based upon the following stipulated facts.

**I.     STIPULATED FACTS AND CONCLUSIONS**

    A.    This Court has subject matter jurisdiction over this lawsuit and personal jurisdiction over Bungalow.  Venue is proper in this Court.

    B.    WSI owns a federal trademark registration for POTTERY BARN (Registration No. 2021077; first used April of 1956; registered on December 3, 1996) for use on a variety of furniture

and home furnishings. This registration, and all other WSI registrations, applications, and common law marks incorporating the Pottery Barn® name, including "PB," which is a common consumer reference to WSI's "Pottery Barn" brands, will be referred to collectively hereafter as "Pottery Barn Marks." WSI also owns valid copyright registrations for its Pottery Barn® catalogs.

      C.     Bungalow has promoted and sold furniture and other home items by using the Pottery Barn Marks, including but not limited to featuring references to the Pottery Barn Marks on its website, as well as displaying Pottery Barn® and Williams Sonoma Home® catalogs in its showrooms. WSI alleges that these uses are likely to cause confusion and deception among consumers.

**II.     ORDER AND INJUNCTION**

It is hereby ordered and adjudged as follows:

1.     Bungalow shall pay the sum of $5,000 to WSI within ten days of entry of this Judgment.

2.     Commencing as of the "So Ordered" date of this Final Judgment and Permanent Injunction, Bungalow, its principals, agents, employees, officers, directors, servants, successors, and assigns, and all persons acting in concert or participating with it or under its control who receive actual notice of this Order, are hereby permanently enjoined and restrained, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

      a.     Any and all use of the Pottery Barn® name or trademark in connection with any advertising or promotion of Bungalow's stores, products, or services, including advertising or promotion of its website, via domain names, URL's, meta tags or metatext, or in any other way. Bungalow will, likewise, not use the Pottery Barn® trademarks or "PB" in connection with its price or hang tags, or in any other in-store display.

      b.     Distributing or displaying any Pottery Barn® or Williams-Sonoma® catalogs, in whole or in part, or any pages from Pottery Barn® catalogs, in stores, on web sites, in advertising or in any other way.

      c.     Any practice, whether explicitly forbidden by this agreement or not, that (a) is likely to cause consumer confusion or misapprehension about any relationship, affiliation, sponsorship or other connection between Bungalow and Williams-Sonoma®, Pottery Barn,® or any other

Williams-Sonoma brand, or (b) tends to deceive consumers that (i) Bungalow's products are manufactured by the same source as Pottery Barn products, (ii) Bungalow's products are equal or equivalent quality as Pottery Barn products if they are not, or (iii) Bungalow's products are "discounted" from prices charged for the same products at Pottery Barn® stores.

3. Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

4. This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof, and/or the punishment for any violations thereof.

5. In the event that Bungalow violates the terms of this Judgment, subject to five (5) business days' notice of any such violation and Bungalow's failure to cure such default within such 5-day period, Bungalow shall pay to WSI for WSI's reasonable attorney's fees and costs of this action solely to the extent such fees and costs relate to claims made against Bungalow, as well as any enforcement or contempt proceedings against Bungalow. For any future proceeding to enforce the terms of this Judgment, service by mail upon a party or their counsel of record at their last known address shall be deemed adequate notice for each party.

IT IS SO ORDERED AND ADJUDGED.

DATED: March 3, 2008

_____
Hon. Cormac J. Carney
United States District Court Judge